1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   APOTEX INC.,                                    Case No. 18-cv-06475-JCS
                    Plaintiff,
8
        v.                                          **ORDER DENYING MOTION FOR
9                                                   LEAVE TO FILE MOTION FOR
    GILEAD SCIENCES, INC., et al.,                  RECONSIDERATION**
10
                    Defendants.                     Re: Dkt. No. 58
11

12

13  **I.      INTRODUCTION**

14          On January 31, 2019, the Court granted Defendants' Motion to Dismiss on the basis that

15  Apotex Inc. ("Apotex") failed to join a necessary party.  Docket No. 48.  Apotex brings a Motion

16  for Leave to File Rule 60(b)(1) Motion for Reconsideration ("Motion") under Civil Local Rule 7-

17  9.  Docket No. 58.  For the reasons stated below, the Motion is DENIED.[1]

18  **II.     ANALYSIS**

19          **A.      Legal Standards**

20                  **1.   Civil Local Rule 7-9**

21          Under Civil Local Rule 7-9(a), "[b]efore the entry of a judgment adjudicating all of the

22  claims and the rights and liabilities of all the parties in a case, any party may make a motion before

23  a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any

24  interlocutory order on any ground set forth in Civil L.R. 7-9 (b)."  A party seeking leave to file a

25  motion for reconsideration must show "reasonable diligence in bringing the motion" and also

26  demonstrate that at least one of the following requirements is met:

27  _____

28  [1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28
    U.S.C. § 636(c).

(1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2)  The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Rule 7-9 further provides that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c).

### 2.  Rule 60(b)

Rule 60(b) allows the court to grant relief "from a final judgment, order, or proceeding" and sets forth specific grounds for relief at subparts (1) through (5), none of which applies to this case.  Subpart (b)(6) is a "so-called catch-all provision" that allows a court to set aside an order or judgment for "any other reason that justifies relief." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008); Fed. R. Civ. P. 60(b)(6).  That provision "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

### B.    Discussion

The Court has reviewed the Motion and finds that it merely reargues the points made in opposition to the Motion to Dismiss and therefore does not satisfy the requirement of Civil Local Rule 7-9(c) that a party seeking reconsideration may not repeat arguments already made in its opposition brief.  Nor has Apotex demonstrated any manifest failure to consider material facts or dispositive legal arguments under Civil Local Rule 7-9(b)(3).  The fact that the Court did not

1  specifically discuss three cases cited by Apotex in its opposition brief, *see* Motion at 3, does not

2  demonstrate a failure to consider dispositive legal arguments.  Rather, the reasoning set forth by

3  the Court in its order granting the Motion to Dismiss makes clear that the Court did not (and does

4  not) find those cases to be dispositive.  The Court is not required to discuss every case that a party

5  cites in support of its position.  Therefore, Apotex has not satisfied the requirements of Civil Local

6  Rule 7-9 for bringing a motion for reconsideration.

7      Likewise, the Court concludes that Apotex has not demonstrated that it is entitled to relief

8  under Rule 60(b).  Relief under that rule is warranted only under extraordinary circumstances and

9  is *not* warranted when a request for reconsideration is based on arguments that have already been

10  raised or could have been raised in opposition to the underlying motion, as is the case here.

11  Further, the Court rejects Apotex's argument that the Court has committed clear error for the same

12  reasons it rejected the virtually identical arguments raised by Apotex in opposition to the motion

13  to dismiss.

14  **III.    CONCLUSION**

15      The Motion is DENIED.  The Clerk is instructed to enter judgment in favor of Defendants

16  and close the case.

17      **IT IS SO ORDERED.**

18  Dated:  June 7, 2019

19  _____

20  JOSEPH C. SPERO
   Chief Magistrate Judge

21

22

23

24

25

26

27

28

3